MAKAR, J.,
specially concurring.
I find no fault in affirming the dismissal of the third-amended complaint with prejudice given its lack of definitive allegations showing that claimant, Leah Everhart, actually took steps to incur the liability (such as by entering a written contract to rebuild her storm-damaged home) necessary to trigger supplemental coverage available under her policy for “law and ordinance” coverage (the amount of which, $29,000, was determined via the policy’s appraisal process). I question whether we need even address the issues presented, however. As counsel at oral argument acknowledged, Everhart has sold the property at issue (apparently some time shortly after the trial court’s order was issued). That she no longer owns the real property at issue means she will not be rebuilding her former home and thereby is not eligible for the additional law and ordinance coverage that exists to cover the costs of complying with the more stringent building code that now exists. Had she chosen to rebuild the home, she would have entered contracts and incurred the type of liability that would have triggered her entitlement to an award under the law and ordinance portion of her policy; but she never included any such allegation in any of her many complaints. Because it appears she has not, and will not, be rebuilding her former home, the issues presented are moot. See Godwin v. State, 593 So.2d 211 (Fla.1992) (“A case is ‘moot’ when it presents no actual controversy or when the issues have ceased to exist. A moot case generally will be dismissed.”) (internal citations omitted). Dismissal, whether on the merits below or due to mootness on appeal, is appropriate.